(Rev 12/3/08)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DYER,

       Plaintiff(s),                                Case Number 09-14897

v.                                       Honorable David M.  Lawson

GRAND TRUNK WESTERN RAILROAD
COMPANY,

       Defendant(s).

_____/

# CASE MANAGEMENT AND SCHEDULING ORDER

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| Initial Disclosures Exchanged By: | JUNE15, 2010 |
| Expert Disclosure, plaintiff: | SEPTEMBER 30, 2010 |
| Expert Disclosure, defendant: | OCTOBER 27, 2010 |
| Pretrial Disclosures (Rule26(a)(3)): | FEBRUARY 10, 2011 |
| Discovery Cutoff: | NOVEMBER 30, 2010 |
| Interim Status Conference: | AUGUST 25, 2010 at 2:30 PM |
| Motions Challenging Experts Filed By: | DECEMBER 14, 2010 |
| Dispositive Motions Filed By: | DECEMBER 14, 2010 |
| Motions *in limine* Filed By: | FEBRUARY 22, 2011 |
| Stipulation for Case Evaluation Submitted By: | AUGUST 23, 2010 |
| Final Pretrial Order Due: | MARCH 16, 2011 |
| Final Pretrial Conference: | MARCH 23, 2011 at 2:30 PM |
| Trial Date: | APRIL 5, 2011 at 8:30 AM |

JURY (3-4 DAYS) Trial

Detailed information contained in body of order.  Read Carefully:
**SOME DEADLINES MAY BE SHORTER** than Local Rules would allow.

I.     Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Fed. R. Civ. P. 6(a).

II.    DISCOVERY.

      A. The Court enforces Rule 26 discovery plans agreeable to all parties.  Disclosure required by Fed. R. Civ. P. 26(a)(1)(A), (B) and (C) shall be served on opposing counsel, *but not filed with the Clerk of the Court*, on or before **JUNE15, 2010**.

B. Disclosure of information regarding expert witnesses required by Fed. R. Civ. P. 26(a)(2) shall be made as follows: if not already disclosed under Paragraph II (A) above, disclosure of an expert witness's identity under Rule 26(a)(2)(A) shall be made within three (3) business days of the expert's retention; other disclosure under Rule 26(a)(2)(B) and (C) shall be served on opposing counsel, *but not filed with the Clerk of the Court*, by plaintiff on or before **SEPTEMBER 30, 2010** and by defendant on or before **OCTOBER 27, 2010**.

C. **The Court reminds the parties that Fed. R. Civ. P. 5(d) and E.D. Mich. LR 26.2 prohibit the filing with the Clerk depositions, interrogatories, requests for the production of documents, requests for admissions, responses to such discovery material,** *and certificates of service* **except as provided for in Local Rule 26.2. Additionally, disclosures under Rule 26(a)(1) and (2), the corresponding discovery requests and responses must not be filed with the Clerk until they are used in the proceedings or the Court orders them to be filed pursuant to Local Rule 26.2.** *See* **Fed. R. Civ. P. 5(d).** *Parties and counsel who submit filings in violation of these provisions may be assessed costs by the Court.*

D. A list in the form required by Fed. R. Civ. P. 26(a)(3) of the witnesses, both lay and expert, whom a party may call to testify, and exhibits shall be filed with the Clerk of the Court and served on opposing counsel on or before **FEBRUARY 10, 2011**.

E. Discovery shall be completed on or before **NOVEMBER 30, 2010**. This Court will not order discovery to take place subsequent to the discovery cutoff date. Discovery can be conducted both before and after the discovery cutoff date by stipulation only if the extension of time does not affect the motion cutoff, final pretrial conference, or trial dates. Extensions or adjournments of all other dates will only be considered upon the filing of a timely written motion for good cause shown.

F. Proposed protective orders must comply with the guidelines contained on the Court's web page. *See* http://www.mied.uscourts.gov/Judges/guidelines/index.cfm?judgeID=20.

III.   MOTIONS CHALLENGING EXPERT WITNESSES. The deadline for filing motions challenging the admissibility of expert witness testimony pursuant to Fed. R. Evid. 702, 703 or 705 shall be **DECEMBER 14, 2010**. If such motion requires a testimonial hearing, it should be filed within sufficient time to permit scheduling a hearing so as not to interfere with the trial date. All such motions should include specific references to the witness's deposition and to all other record material needed to establish the foundation for the motion

IV.   DISPOSITIVE MOTIONS. Dispositive motions shall be filed on or before **DECEMBER 14, 2010**. No party may file more than one motion for summary judgment without obtaining leave of Court. Challenges to several counts of a complaint shall be brought in a single motion. When filing motions for summary judgment, parties shall proceed in accordance with the following guidelines:

A. Before filing a motion for summary judgment or responding to such a motion, the parties are urged to familiarize themselves with *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electric Industrial Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574 (1986).  An excellent summary of these cases appears in *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989).  *See also* Schwarzer, *Summary Judgment under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465 (1984).  Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy citations in support of well-established legal principles.

B. Briefs in support of motions for summary judgment must contain a recitation of the undisputed facts with specific references to the record.  If facts are disputed, the moving party must explain how the fact is not material to the dispute.

V.      GENERAL MOTION PRACTICE.

A. Discovery motions may be referred to the magistrate judge.  Once a motion has been referred, all communication regarding that motion should be directed to the magistrate judge's chambers.

B. The Court strictly enforces the requirements of Eastern District of Michigan Local Rules 5.1 and 7.1 and the Electronic Filing Policies and Procedures for all motions.  Failure to follow these rules likely will result in a denial of the motion and may lead to sanctions.

C. The Court requires strict compliance with LR 7.1(a), which requires moving parties to seek concurrence before filing a motion.  The Court requires that a good-faith effort be made to obtain concurrence, which normally involves actual contact with opposing counsel.  If no actual conversation occurs, the moving party must show that reasonable efforts were undertaken to conduct a conference.  All of this must be documented specifically in the motion papers.

D. Motions must be clear and succinct without extensive factual development.  All briefs must comply with Eastern District of Michigan Local Rules 5.1 and 7.1, and must contain citation to appropriate authorities within the text of the brief (not in footnotes), and citations must conform to the latest edition of The Bluebook: A Uniform System of Citation published by the Harvard Law Review.  In addition, briefs must contain a concise statement of facts supported by references to the record.  Footnotes are discouraged, but if they are utilized they must be printed in the same font size as the text, which may not be less than 12 points.

E. Answers to motions and supporting briefs must be filed according to the schedule set forth in LR 7.1(d).  Note that Rule R5(e) of the Electronic Filing Policies and Procedures prohibits combining an answer to a motion with a counter-motion in the same filing.  *The Court does not issue a briefing schedule.  The Court enforces the response and reply due dates as set forth in LR 7.1(d) and Fed. R. Civ. P.6, even when the motion hearing is set far in advance.*  Attorneys who do not respond to motions in a timely fashion are not permitted to argue before the Court during oral argument, if oral argument is scheduled.

F. Counsel are discouraged from employing elaborate boilerplate recitations of the applicable motion standards and lengthy string citations in support of well-established legal principles.

Instead, counsel should focus their analysis on a few well-chosen cases, preferably recent, published, and from controlling courts.

G. Facts stated in the statement of facts must be supported with citations to either the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits.

H. When referring to unpublished sources, the full text of any unpublished source cited should be filed with the Court as an appendix. The appendix shall contain an index. As to cited deposition testimony, counsel are also encouraged to supply the Court with a transcript of cited page(s) together with sufficient accompanying pages to provide context. All citations must have page references. Other documents referred to in the briefs should be included in the appendix.

I. Courtesy copies of motions and briefs must be provided to chambers in accordance with Rule R5(b) of the Electronic Filing Policies and Procedures.

J. If a hearing is scheduled, the Court's Case Manager will send out a notice of the hearing date.

K. The Court endeavors to decide pending motions promptly, ordinarily within six weeks after a hearing, or within three weeks after the time for a response has passed without a response being filed. Complex motions or those raising novel issues may require additional time to conclude. If a motion has been pending in chambers without resolution for an apparently inordinate time, counsel are asked to notify the Court's case manager by telephone or in writing (jointly if possible) as to the status of the motion. Such notification is a service that is appreciated by the Court and is not viewed by the Court as inappropriate or impertinent.

VI.   E-FILING.

A. All attorneys must obtain a PACER account and become a registered user to allow participation in the Case Management/Electronic Case Filing (CM/ECF) system. *All* attorneys should become familiar with the CM/ECF Policies and Procedures, which can be found as an Appendix to the Local Rules.

B. Registered users will be notified immediately by the CM/ECF system of the Court's filing of orders, opinions, and notices. Attorneys who are not registered users may retrieve paper copies of orders and opinions from the office of the Clerk of the Court, 231 W. Lafayette Blvd., 5th Floor, Detroit, Michigan.

C. Courtesy copies submitted in accordance with Rule R5(b) of the Electronic Filing Policies and Procedures may be sent by ordinary mail posted within one (1) business day of the e-filing date. Paper copies should be directed to chambers and NOT filed in the Clerk's office.

D. **WARNING!** UNDER THE E-GOVERNMENT ACT OF 2002, CERTAIN INFORMATION MUST NOT BE INCLUDED IN COURT DOCUMENTS. BEFORE FILING ANY COURT DOCUMENTS, EITHER ELECTRONICALLY OR IN THE TRADITIONAL MANNER, CONSULT THE E-GOVERNMENT NOTICE THAT CAN BE FOUND AT http://www.mied.uscourts.gov/Rules/Plans/07-AO-030.pdf.

E.  Proposed orders and stipulated orders should not be e-filed.  Rather, they should be submitted to chambers through the document utilities feature of the CM/ECF.  *See* Rule R11 of the Electronic Filing Policies and Procedures.  Submissions must be in current WordPerfect format.  Electronic signatures must conform to Rule R9 of the Electronic Filing Policies and Procedures.

F.  No documents may be filed or submitted under seal without prior approval of the Court, except as permitted by LR 5.3(a).  Parties seeking to file sealed items must comply with LR 5.3(b)-(e).

VII.  MOTIONS IN LIMINE must be filed by **FEBRUARY 22, 2011**.  It is the intention of the Court that all responses to motions *in limine* shall be filed in advance of the final pretrial conference date; therefore counsel must strictly adhere to the deadlines set forth in LR 7.1(d)(2).  Counsel should be prepared to address motions *in limine* at the final pretrial conference.

VIII.  STIPULATION FOR CASE EVALUATION. If the parties elect to submit the case for case evaluation, the stipulation to that effect must be submitted by **AUGUST 23, 2010** stating that the parties agree to be bound by all of the provisions of Mich. Ct. R. 2.403, including the provisions regarding sanctions and assessment of cost.  Referral to a case evaluation panel will be made after the discovery period expires.  It is the responsibility of the attorneys to make sure that case evaluation is completed before the final pretrial conference.

IX.  FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER. The final pretrial conference shall take place on **MARCH 23, 2011** at **2:30 PM**.  The Proposed Joint Final Pretrial Order must be submitted to chambers (and not e-filed) before the close of business on **MARCH 16, 2011**.  Following is the procedure counsel are to use to prepare for the final pretrial conference and the Proposed Joint Final Pretrial Order:

A.  Counsel for all parties are directed to confer *in person (face to face) at their earliest convenience* in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at the trial.  It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of other counsel to respond to plaintiff's counsel and to offer their full cooperation and assistance.  If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his or her duty to communicate with the Court.  Counsels' meeting shall be had sufficiently in advance of the date of the scheduled final pretrial conference with the Court so that counsel for each party can furnish all other counsel with a statement of the real issues the party will offer evidence to support, eliminating any issues that might appear in the pleadings about which there is no real controversy and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party.  *Counsel for plaintiff then will prepare a draft joint final pretrial order and submit it to opposing counsel, after which all counsel will jointly submit[1] the original and one copy of the final draft of the proposed joint final pretrial order*

---

[1]Counsel for plaintiff has primary responsibility for preparation of the Proposed Final Pretrial Order and, in that respect, for its submission to opposing counsel in ample time for revision and timely filing.  Nonetheless, full cooperation and assistance of all other counsel are required for

*to the Judge's chambers (or in open court, if so directed) on the date fixed for submission.* All instructions contained within this order *must* be followed carefully; they will be binding on the parties at trial. If there are any pending motions requiring determination in advance of trial,[2] they should specifically be called to the Court's attention not later than the date of submission of the final pretrial order.

The proposed joint final pretrial order should provide for the signature of the Court, which, when signed, will become an Order of the Court. *AN ORIGINAL AND ONE COPY IS TO BE MAILED OR HAND-DELIVERED TO CHAMBERS, NOT THE CLERK'S OFFICE AND NOT E-FILED.*

> ***THE PROPOSED JOINT FINAL PRETRIAL ORDER SHALL STRICTLY COMPLY WITH THE PROVISIONS AND REQUIREMENTS OF LR 16.2 INCLUDING SUBPARTS (d) AND (f), EXCEPT AS THIS COURT MAY OTHERWISE PROVIDE HEREIN.***

B.   The following person and entities shall *personally* attend the final pretrial conference:
   1) **Trial counsel** for each party;
   2) **All parties** who are natural persons;
   3) **A representative** on behalf of any other party;
   4) **A representative of any insurance carrier** that has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

Representatives must possess full authority to engage in settlement discussions and to agree upon a full and final settlement. "Full authority" is authority that exceeds the level of the last demand by the plaintiff.

"Personal attendance" by each party is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone.

Any party who disregards these requirements may be sanctioned pursuant to Fed. R. Civ. P. 16(f). Possible sanctions include fines, costs, fees, foreclosure of witnesses, or loss of claims or defenses.

Requests for adjournment of the final pretrial conference should be made in accordance with section XIII of this Order.

X.   Trial shall commence on **APRIL 5, 2011 at 8:30 AM.**

XI.   At least ***ONE WEEK*** prior to the trial date all counsel must meet, confer, and furnish to the Court the following in proper form:

---

proper preparation of the final pretrial order and must therefore be extended.

[2]This includes motions in limine, disputes over specific jury instructions or the admissibility of any evidence at trial upon which the parties desire to present authorities and argument to the Court.

A. In jury cases, any requests for *VOIR DIRE* and proposed *JOINT JURY INSTRUCTIONS*.  In jury cases, the parties are hereby **ORDERED** to meet and confer prior to trial to discuss jury instructions.  No later than one week prior to the first day of trial, the parties are to file with the Court a single set of proposed, stipulated jury instructions.  The Court will provide proposed opening and closing instructions, and counsel are responsible for all instructions related to their specific claims or defenses.  All such instructions are to be submitted in typewritten form (double spaced) and on computer disk compatible with WordPerfect version 12.0 or later; each instruction shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"); and each instruction shall be contained on a separate page.  In addition, each party shall separately file any additional proposed instructions (in the same form) to which any other party objects.  The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

B. A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

C. In jury cases, trial briefs are optional, but if furnished, they must be submitted at least one week before trial.

D. In non-jury cases, proposed findings of fact and conclusions of law and (mandatory) trial briefs.

E. In all cases, a list of witnesses to be called at trial and an exhibit list **using the attached exhibit form.**

**Note: This order supersedes the deadlines set forth in LR 16.2.**

XII.   Exhibits During Trial.

A. Counsel are required to mark all proposed exhibits in advance of trial; the preferred method is to use the traditional "Plaintiff's Exhibit __" (yellow) and "Defendant's Exhibit __" (blue) stickers, but any clearly marked method is acceptable.  A consecutive numbering system should be used by each party.  Numbers used by one party shall not be used by other parties.

B. **COUNSEL ARE REQUIRED TO KEEP TRACK AND MAINTAIN CUSTODY OF ALL ADMITTED EXHIBITS DURING TRIAL.**

C. Parties are encouraged to use electronic aids to display evidence at trial.  However, a party intending to do so must disclose that intention to the Court and all other parties at or before the final pretrial conference.  Parties are responsible for providing equipment for such purpose.

D. If a party does not intend to display evidence by electronic means, exhibits must be tabbed and put in binders.  If the exhibits are voluminous, exhibits used for each witness should be found separately.  In either case, binders should be provided to the Court and each juror.

E.  Counsel must confer and purge from one set of binders or files all exhibits not admitted during the course of trial.  Admitted exhibits should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

F.  It is the responsibility of the parties to see that the record is complete; at the conclusion of trial, all trial exhibits, briefs, proposed jury instructions, etc. are to be filed in accordance with Rule R18 of the Electronic Filing Policies and Procedures.

G.  The Court requires full disclosure to opposing counsel of computer generated visual or animated evidence and full disclosure of underlying data.

XIII.  **Requests for extension of a scheduling order date are not routinely granted.**  All requests shall be made *in writing* to the Court setting forth good cause, *see* Fed. R. Civ. P. 16(b)(4), in a (1) stipulation by the parties with a proposed order or (2) motion to extend the date which states that concurrence was sought and refused.  The Court will consider persuasiveness of the reasons for the extension and the overall reasonableness of the request, including its effect on the other dates in the scheduling order.

XIV.  ALTERNATIVE DISPUTE RESOLUTION: Lead counsel for the parties shall appear for a status conference on **AUGUST 25, 2010** at **2:30 PM** to discuss Alternative Dispute Resolution.

XV.  The Court will not allow counsel not admitted in the Eastern District to practice upon a special motion.  All inquiries regarding admission to the Eastern District must be directed to the Clerk's Office at (313) 234-5005.

XVI.  Counsel may contact the Court's Case Manager with questions regarding the Court's practices, this order, or other matters of practice and procedure.  However, **before calling chambers,** please consult the Court's web page at http://www.mied.uscourts.gov/Judges/guidelines/index.cfm?judgeID=20.

XVII.  Other Matters:

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 4, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 4, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO

**PLAINTIFF'S EXHIBITS**
**DEFENDANT'S EXHIBITS**

| EXHIBIT NO. | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |